# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 10-1393-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS |

## PROCEEDINGS

On September 23, 2010, Ricky Smith ("Plaintiff" or "Claimant" or "Smith") filed a complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Supplemental Social Security Income ("SSI") benefits. The Commissioner filed an Answer to the Complaint on March 23, 2011. On June 23, 2011, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff Smith is a 52 year old male who filed an application for Social Security supplemental security income ("SSI") benefits on October 19, 2007, alleging disability beginning December 1, 2005. (AR 11.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 13.)

Plaintiff's claim was denied initially on March 31, 2008 and on reconsideration on August 27, 2008. (AR 11.) Plaintiff filed a timely request for a hearing, which was held on October 23, 2009, in San Bernardino, California, before Administrative Law Judge ("ALJ") Jesse Pease. (AR 11-22.) Plaintiff appeared and testified at the hearing. (AR 11.) Vocational expert ("VE") Corinne J. Porter also appeared at the hearing. (AR 11.) Claimant was represented by counsel. (AR 11.)

The ALJ issued a decision denying benefits on January 8, 2010. (AR 11-22.) The Appeals Council denied Plaintiff's request for review on August 17, 2010. (AR 1-5.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the only issue Plaintiff raises as a ground for reversal and remand is: whether the ALJ properly considered the August 15, 2008 opinion of State agency review physician Dr. K. Loomis.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141.

Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). RFC is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must account for all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 19, 2007, the application date. (AR 13.)

At step two, the ALJ found that Plaintiff has the following medically determinable severe impairments: chronic obstructive pulmonary disease, history of left clavicle fracture, status post-surgical repair, bipolar disorder, manipulative and antisocial personality traits, and history of drug abuse (possibly in recent remission). (AR 13.)

1 At step three, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1. (AR 13.)

The ALJ then found that Plaintiff had the RFC to perform medium work with the following limitations:

> Specifically, the claimant could occasionally lift and/or carry 50 pounds and frequently 25 pounds; he could sit, stand, and/or walk for 6 hours in an eight-hour work day; he is limited to working in a clean air environment with no exposure to cold temperatures; the claimant is precluded from overhead work with his left non-dominate arm and no forceful gripping or grasping with his right dominate hand; he is limited to non-public object oriented simple repetitive tasks.

(AR 14.) In determining Plaintiff's RFC, the ALJ made an adverse credibility finding. (AR 16.)

At step four, the ALJ found that Claimant is unable to perform his past relevant work as a shipping and receiving clerk, construction operator and driller operator. (AR 20.) The ALJ nonetheless determined that Plaintiff can perform other jobs that exist in significant numbers in the national economy, including hand packager, mail clerk and garment sorter. (AR 21-22.)

Thus, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 22.)

**DISCUSSION**

The ALJ's step five finding is not supported by substantial evidence and must be reversed and remanded. Dr. Loomis opined that Claimant is limited to jobs with only "simple one and two step tasks." (AR 307, 328.) This limitation is consistent with jobs requiring a Reasoning Level of 1 as set forth in Appendix C of the Dictionary of Occupational Titles

("DICOT"), 1991 WL 688702 (G.P.O.). The jobs specified by the ALJ, which all require Reasoning Level 2 or above, would be precluded by the limitation set by Dr. Loomis.

The ALJ's RFC specified a limitation to jobs requiring "simple repetitive tasks." (AR 14.) This limitation is consistent with jobs requiring a Reasoning Level of 1 or 2. If Reasoning Level 2 applies, two of the three jobs identified by the ALJ that Plaintiff could perform would not be precluded. The ALJ's RFC, then, is ambiguous and, as a result, so is the VE's testimony, which is not substantial evidence.

The ALJ decision, moreover, does not identify any medical opinion with a "simple, repetitive tasks" limitation or explain how that limitation was derived or what evidence supports it. The ALJ merely describes the medical evidence and then states conclusions, without explaining how he arrived at his conclusions or what evidence supports his conclusions. The ALJ fails to offer any reasons for his nondisability determination.

Consequently, the ALJ's RFC limitation to "simple, repetitive tasks," the VE's testimony and the ALJ's step five decision that Plaintiff can perform Reasoning Level 2 jobs are ambiguous and unsupported by substantial evidence. The ALJ decision therefore must be reversed.

**A.  Relevant Federal Law**

The Commissioner bears the burden at step five of the sequential process to prove that Plaintiff can perform other work in the national economy, given his RFC, age, education and work experience. 20 C.F.R. § 416.912(g); Silveira v. Apfel, 204 F.3d 1257, 1261 n.14 (9th Cir. 2000). Typically, the best source of how a job is generally performed in the national economy is the Dictionary of Occupational Titles ("DICOT"). Pinto, 249 F.3d at 845.

DICOT raises a presumption as to job classification requirements. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may accept vocational expert testimony that varies from DICOT, but the record must contain "persuasive evidence to support the deviation." Id. The ALJ has an affirmative responsibility to ask whether a conflict exists between a VE's testimony and DICOT. SSR 00-4p, 2000 WL 1898704, *4 (S.S.A.);

Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). If there is a conflict, the ALJ must obtain a reasonable explanation for the conflict and then must decide whether to rely on the VE or DICOT. Id. Failure to do so, however, can be harmless error where there is no actual conflict or the VE provides sufficient support to justify a variation from DICOT. Id. at 1154 n.19.

Literacy or education level is a vocational factor relevant only to the step five inquiry and not to the existence of disability. Silveira, 204 F.3d at 1261 n.14; see also Elizondo v. Astrue, 2010 WL 343226 *6 (E.D. Cal.); but see Pinto, 249 F.3d at 846 n.5 (declining to decide the issue). The regulations explain that education means both formal schooling and "other training which contributes to your ability to meet vocational requirements, for example, reasoning ability, communication skills and arithmetical ability." 20 C.F.R. § 416.964. (Emphasis added.)

DICOT contains General Educational Development (GED) scales for general reasoning, math and language development that are "required of the worker for satisfactory job performance." 1991 WL 688702 (G.P.O.). A job's reasoning level "gauges the minimal ability a worker needs to complete the job tasks themselves." Meissl v. Barnhart, 403 F. Supp. 2d 981, 983 (C. D. Cal. 2005).

For reasoning, the GED identifies six levels required for satisfactory job performance. Id. The first two GED reasoning levels are relevant here:

> LEVEL 1
>
> Apply commonsense understanding to carry out simple one-or-two step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.
>
> LEVEL 2
>
> Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

Id. (Emphasis added.) DICOT job descriptions for all jobs specify the applicable GED reasoning level. Cases routinely hold that jobs with a reasoning level that exceeds that of the claimant are precluded. See, e.g., Bagshaw v. Astrue, 2010 WL 256544 *5-*6 (C.D. Cal.)(simple repetitive tasks limitation consistent with Reasoning Level 2 jobs but not Reasoning Level 3 jobs).

Reasoning deficiencies that are the result of an impairment are appropriately addressed in a claimant's RFC before the step four and five determinations are made. SSR 96-8p, 1996 WL 374184 (S.S.A.), makes clear that the RFC assessment considers only functional limitations that result from an individual's medically determinable impairments. See also Stroda v. Astrue, 2010 WL 129814 *9 (W.D. Wash.) This includes mental impairments. Id. Cases in this Circuit apply the GED Reasoning scales to reasoning deficiencies that are both impairment-related and addressed in the RFC, and educational and addressed at step five of the sequential process.

**B.     Analysis**

The ALJ decision states: "The undersigned has read and considered the State agency physicians' reports and consultative examiners' reports, and agrees with them." (AR 18.) There are two problems with this statement. First, it may not be true; Plaintiff contends the ALJ implicitly rejected Dr. Loomis' opinion. Second, the medical opinions of record appear to be in disagreement. The decision also states that the ALJ gave a more restrictive RFC than the State agency physician and the consulting examiners. (AR 18.) Again, this statement may be untrue; Plaintiff contends the ALJ gave a less restrictive mental RFC than Dr. Loomis did. The ALJ acknowledges and gave "great weight" to Dr. Loomis' opinion and RFC. (AR 19.) This is the ALJ's description of Dr. Loomis' opinion:

> Dr. Loomis assessed the claimant is capable of understanding, remembering and carrying out simple one to two steps tasks; he is able to maintain concentration, persistence and pace throughout a normal workday and workweek and he can interact adequately with coworkers, supervisors, but

> he may have difficulties with interacting with the general public; and he is
> able to make adjustments and avoid hazards in the workplace (Ex. 14F. p.
> 3).

(AR 19; see also 328.) The only thing missing is Dr. Loomis' opinion that Claimant is moderately limited in maintaining concentration, persistence and pace (AR 323) and moderately limited in the ability to understand, remember and carry out detailed instructions. (AR 326.) Dr. Loomis did not say whether the limitation to one and two step tasks was impairment-related or an educational deficit but he did complete a mental RFC that diagnosed Plaintiff with affective disorders, antisocial personality disorders and substance abuse disorders. (AR 315-28.) He also stated, "Without substance abuse the claimant is capable of understanding, remembering and carrying out simple one and two step tasks." (AR 328.) The ALJ purports to agree and give great weight to Dr. Loomis' RFC limitation.

The ALJ also gave "significant weight" to the evaluation of psychiatric examiner Dr. Kent Jordan. (AR 19.) This is the ALJ's description of Dr. Jordan's opinions:

> Specifically, on August 5, 2008, the consultative examiner examined,
> interviewed and observed the claimant (Ex. 12F, pp. 1-2). He conducted a
> mental status examination and reported the claimant was overall normal (Ex.
> 12F, pp. 4-5). Dr. Jordan made note of the claimant's mild discrepancy
> between the severity of symptoms reported by the claimant and observations
> during the evaluation (Ex. 12F p. 1). Dr. Jordan diagnosed the claimant with
> a history of polysubstance abuse (but with no evidence of immediately
> ongoing or very recent substance abuse observed during the evaluation),
> depressive disorder secondary to the claimant's COPD, and manipulative

and antisocial personality traits (Ex. 12F, p. 5).  The consultative examiner gave the claimant a GAF score[1] range of 60[2] to 65[3].  Id. (AR 19.)  Other than the comment that he gave them "significant weight," the ALJ offers no evaluation of Dr. Jordan's opinions and never refers to him again.

Unaccountably, the ALJ did not mention Dr. Jordan's opinion that the Claimant probably could perform "at least moderately complex and detailed tasks as cognition at the present time was overall within normal limits."  (AR 314.)  Dr. Jordan also stated Plaintiff "could perform at least moderately detailed and complex task on a sustained basis without special supervision."  (AR 19.)  Dr. Jordan, however, also observed on examination that Plaintiff "had problems doing some of the concentration task.  These appeared due to educational factors and not due to any impairments of concentration or attention."  (AR 312.)  Dr. Jordan's opinion is somewhat internally inconsistent but plainly at odds with the opinion of Dr. Loomis.  The ALJ decision does not acknowledge the conflict.

In his RFC, the ALJ limited Plaintiff to "non-public object oriented simple repetitive tasks."  (AR 14.)  This finding in the RFC would indicate the ALJ saw Plaintiff's mental limitations as impairment-related but the ALJ's finding is without any explanation or citation to evidence in the record.  The ALJ decision does not identify any medical opinion with a

---

[1] The undersigned finds the Global Assessment of Functioning scores in the claimant's record are of limited evidentiary value.  These subjectively assessed scores reveal only snapshots of impaired and improved behavior.  The undersigned gives more weight to the objective details and chronology of the record, which more accurately describe the claimant's impairments and limitations.

[2] A GAF score of 51-60 indicates moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers) (Diagnostic and Statistical Manual of Mental Disorders Text Revision ("DSM"), 34 (4th ed. 2000)).

[3] A GAF score of 61-70 indicates some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful relationships (Diagnostic and Statistical Manual of Mental Disorders Text Revision ("DSM"), 34 (4th ed. 2000)).

"simple, repetitive tasks" limitation or explain how that limitation was derived or what evidence supports it. The Commissioner regards overall RFC assessments as an administrative determination for the ALJ to make, SSR 96-5p, 20 C.F.R. 404.1527(e), but an ALJ's RFC determination nonetheless must be supported by substantial evidence and the reasoning behind the RFC explained. 42 U.S.C. § 405(b); 20 C.F.R. § 405.373. Here, the ALJ appears to have made his RFC determination based on an amalgam of the opinions of Dr. Loomis, Dr. Jordan and the VE, albeit without sufficient explanation or any explanation at all. The ALJ's reasoning is not disclosed.

Plaintiff contends that the ALJ implicitly rejected Dr. Loomis' one and two step tasks limitation by adopting a simple, repetitive tasks limitation. The Commissioner disagrees, arguing that the ALJ merely translated Dr. Loomis' limitation, which the Commissioner claims has no bearing on RFC, into a simple, repetitive tasks limitation. According to the Commissioner, Dr. Loomis' limitation and the RFC limitation are not in conflict but one and the same. This contention has some superficial credence because the ALJ decision intimates no rejection of Dr. Loomis' opinion, and acknowledges no conflict between Dr. Loomis and the RFC or Dr. Jordan.

By the case law in this District, moreover, there is no necessary conflict between a one and two step tasks limitation and a simple repetitive tasks ("SRT") limitation. SRT limitations have been held consistent with both Reasoning Level One and Reasoning Level Two jobs. Chavez v. Astrue, 2009 WL 5172857, *7 n.10 (C.D. Cal. 2009). Directly on point here is Grigsby v. Astrue, 2010 WL 309013 *2 (C.D. Cal.) which held that a limitation to SRT involving two steps of instructions corresponds to Level 1 reasoning. The Court there held, "The restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning." Id. See also Murphy v. Astrue, 2011 WL 124723 *6-*8 (C.D. Cal.)(one and two step instructions inconsistent with Reasoning Level 2 jobs); Burns v. Astrue, 2010 WL 4795562 *8 (C.D. Cal.) (three and four step instructions consistent with Reasoning Level 2 jobs). Thus, the ALJ's SRT limitation is ambiguous; it is consistent

with both Reasoning Level One and Reasoning Level Two jobs.  As a result, there is no way to determine whether the ALJ embraced or rejected Dr. Loomis' one and two step task limitation.

There is also no way to determine if the VE testimony conflicts with DICOT.  At the hearing, the ALJ posed alternate hypothetical questions to VE Corinne Porter.  First, the ALJ asked if the Claimant could perform any past work with a one and two step task limitation and the VE said no.  (AR 49-50.)  The VE also testified that Claimant could not perform any unskilled jobs "at SVP one."  (AR 50.)  Both parties observe that the VE confused the DICOT SVP level, which is the time it takes to learn a job, with the DICOT GED Reasoning Level. See DICOT App. C. Meissl held the latter is a more appropriate measure for a simple, repetitive tasks limitation. 403 F. Supp. 2d at 983.  Thus, the VE's stated basis for his testimony that a one to two step instruction would preclude all jobs was faulty but harmless because case law indicates that such a limitation is consistent with Reasoning Level 1. Grigsby, Murphy.

Second, the VE testified that, with a limitation to simple, repetitive tasks, Claimant could not perform any past relevant work but could perform three unskilled jobs that were identified.  (AR 50-51.)  These include hand packager, mail clerk and garment sorter.  (AR 51.)  Two of those jobs are Reasoning Level 2 jobs: hand packager (DICOT 920.587-018, 1991 WL 687916) and garment sorter (DICOT 222.687-014; 1991 WL 672131).  The VE's decision could be in conflict with DICOT or not, depending on whether the ALJ's RFC implies a rejection of Dr. Loomis' one to two step instruction limitation.

A VE's opinion does not constitute substantial evidence unless it contains all of a claimant's limitations.  Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir. 1995).  Here the ALJ's RFC was ambiguous and so therefore is the VE's testimony.  There is no way to determine if the Claimant's limitations were properly incorporated in the ALJ's hypothetical questions and the VE's answers.  It was the ALJ's responsibility to resolve ambiguities, Andrews, 53 F.3d at 1039-40, not create them, which occurred here.

That said, Plaintiff's contention that the ALJ implicitly rejected Dr. Loomis' RFC would not be error in any event. Dr. Loomis was a reviewing physician who did not examine Plaintiff and there is no other independent evidence of record that supports Dr. Loomis' limitation. His opinion is not substantial evidence. <u>Lester</u>, 81 F.3d at 830-31 (the opinion of a non-examining physician may serve as substantial evidence only when it is consistent with and supported by other independent evidence of record).

The Commissioner's position, however, is also incorrect. The Commissioner asserts that Dr. Loomis' limitation is not relevant to Plaintiff's RFC but only an education consideration at step five. The Commissioner then presents a step five analysis of Plaintiff's education and prior work experience not contained in the ALJ decision and thus cannot be considered here. <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003)(Court cannot base its ruling on considerations not addressed in ALJ decision).

The Commissioner's assertion that reasoning deficiencies are not relevant to RFC, moreover, not only lacks authority but is contrary to Social Security regulations and to case law in this Circuit. The Commissioner's assertion that a one and two step task limitation has no meaning in assessing RFC is too broad. What matters foremost is whether the limitation is impairment-related or not. SSR 96-8p; <u>Stroda</u>. Numerous cases in this Circuit have held that such a limitation is relevant to RFC. <u>See</u>, <u>e.g.</u>, <u>Meissl</u>, 403 F. Supp. 2d 981 (simple repetitive task limitation in RFC consistent with a Reasoning Level of 2). Whether impairment-related or not, the reasoning deficiency must be addressed, either in the RFC or at step five.

In this case, Dr. Loomis apparently regarded Plaintiff's reasoning deficiencies to be impairment-related but Dr. Jordan viewed Plaintiff's reasoning limitations as educational or vocational, at least in part. The distinction is important because, if Plaintiff's reasoning deficiency is the result of impairments, Plaintiff bears the burden of proof regarding his RFC before any step four or five determinations are made. If not, then the Commissioner would

bear the burden at step five to prove that Plaintiff's reasoning deficiency does not preclude Reasoning Level 2 jobs.

The ALJ decision is hopelessly ambiguous and indicates no appreciation of the significance of reasoning deficiencies or distinctions in the origin of reasoning deficiencies. The ALJ SRT limitation is ambiguous and could mean Plaintiff is restricted to Reasoning Level 1 jobs or not. The ALJ decision does not discuss or analyze GED Reasoning Levels and or even seem to appreciate their relevance. Nor does the ALJ decision appear to appreciate the significance of whether reasoning deficiencies are impairment-related or not, and certainly does not address or make any findings on that issue. The ALJ decision simply describes the medical evidence (and not fully so) and then states conclusions, without any explanation or analysis of how he arrived at those conclusions or what evidence supports them. He does not acknowledge the conflict between the opinions of Dr. Loomis and Dr. Jordan, and, if accepting Dr. Jordan's opinion, he does not account for Dr. Loomis' contrary opinion. The ALJ decision does not present any reasons that would explain its nondisability determination.

The ALJ's step five determination is ambiguous and unsupported by substantial evidence, and must be reversed and remanded.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is REVERSED and REMANDED for further proceedings in accordance with this Memorandum Opinion and Order and with law.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 13, 2011             */s/ John E. McDermott*
                                                  JOHN E. MCDERMOTT
                                     UNITED STATES MAGISTRATE JUDGE